```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - X

EMA KULWA,

                    Plaintiff,
                                              REPORT AND
                                              RECOMMENDATION
          - against -
                                              CV 2012-1868 (JG)(MDG)

OBIAKOR OB/GYN P.C., AFAM
COMPREHENSIVE HEALTHCARE GROUP a/k/a
AFAM COMPREHENSIVE HEALTHCARE MEDICAL
GROUP, OBIAKOR MEDICAL PRACTICE, PLLC,
and IFEANYI OBIAKOR,

                    Defendants.

- - - - - - - - - - - - - - - - - - X
```

Ema Kulwa ("plaintiff") brings this action asserting claims for breach of contract and fraudulent inducement against defendants Ifeanyi Obiakor, Obiakor OB/GYN P.C., AFAM Comprehensive Healthcare Group a/k/a AFAM Comprehensive Healthcare Medical Group and Obiakor Medical Practice PLLC in connection with her employment at a medical clinic allegedly owned and operated by defendants. Five days after the Clerk of the Court entered default against the defendants, each of the four defendants filed separate answers. Ct. docs. 14, 15, 16, 17. By order dated June 27, 2012, the Honorable John Gleeson construed defendants' answers as motions to set aside the Clerk's entry of default and referred those motions to me to report and recommend.

FACTS AND PROCEDURAL HISTORY

In this action commenced on April 16, 2012, plaintiff claims that defendants fraudulently induced her into signing an employment agreement and failed to pay her in accordance with the agreement. In affidavits of service dated April 25, 2012, process server Anthony Yannucci swore that he delivered true copies of the complaint and summons to "Jane Doe" as General Agent of the entity defendants and a person of suitable age and discretion at defendant Obiakor's actual place of business. See ct. docs. 2, 3, 4, 5.

After defendants failed to answer by May 16, 2012, plaintiff requested entry of default. See ct. doc. 7. The Clerk of Court filed an entry of default on June 11, 2012 pursuant to Federal Rule of Civil Procedure 55(a). See ct. doc. 11. Following entry of default, on June 11, 2012, plaintiff moved for default judgment. See ct. doc. 12. On June 16, 2012, each defendant filed an answer. See ct. docs. 14, 15, 16, 17.

In his affidavit seeking vacatur of default, defendant Obiakor swears that he is the sole shareholder of Ifeanyickukwu Chuba Orakwue Obiakor, M.D., P.C. d/b/a Obiakor OB/GYN and AFAM Comprehensive Health Care Medical Group and is a member of defendant Obiakor Medical Practice, PLLC. Affidavit of Ifeanyi Obiakor dated July 18, 2012 ("Obiakor Aff.") (ct. doc. 21) at ¶¶ 2, 3. Mr. Obiakor states that he resides in Nigeria and does not work in New York City. Id. at ¶¶ 4, 15. He further claims

that he was out of the country when process was purportedly served upon him. Id. at ¶ 17. As to the entity defendants, Mr. Obiakor states that no one in the United States is authorized to accept service on their behalf. Id. at ¶ 19.

On the merits of plaintiff's claims, Mr. Obiakor argues that he is not liable for breach of contract because he did not personally enter into any contract with plaintiff. Id. at ¶ 22. He further argues that the employment agreement at issue contains an arbitration clause requiring that any dispute arising out of or relating to the agreement be resolved in arbitration. Id. at ¶¶ 23, 24. Finally, he denies plaintiff's factual allegations as to her fraudulent inducement to enter into the contract. Id. at ¶ 27.

DISCUSSION

Rule 55(a) of the Federal Rules of Civil Procedure confers on courts the discretion to enter default judgment against a party for failure to "plead or otherwise defend." Fed. R. Civ. P. 55(a). While recognizing that defaults "play a constructive role in maintaining the orderly and efficient administration of justice," Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993), the Second Circuit generally disfavors defaults because of its strong preference for resolving trials on the merits. See, e.g., Pecarsky v. Galaxiworld.com Ltd., 249 F.3d 167, 172 (2d Cir. 2001); Am. Alliance Ins. Co. v. Eagle Ins. Co., 92 F.3d 57, 61 (2d Cir. 1996); Enron, 10 F.3d at 95. However, when "a

litigant is confronted by an obstructionist adversary," Enron, 10 F.3d at 96, or the defendant causes continued uncertainty and delay in an action, default judgment is appropriate, see 10A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2681 (1998).

Dispositions of default judgments are left to the sound discretion of the district court. See State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 166 (2d Cir. 2004); see also Enron, 10 F.3d at 95 ("[The] district court . . . is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties"). However, a default judgment is a "weapon of last, rather than first, resort, [and] should only be imposed upon a serious showing of willful default." Davis v. Musler, 713 F.2d 907, 916 (2d Cir. 1982) (internal quotations and citations omitted).

Rule 55(c) provides that "[f]or good cause shown the court may set aside an entry of default." Fed. R. Civ. P. 55(c). In determining whether to vacate a default, a court should consider (1) whether the default was willful; (2) whether setting aside the default would prejudice the plaintiff; and (3) whether the defendant has a meritorious defense. See e.g., State St. Bank, 374 F.3d at 166-67; Pecarsky, 249 F.3d at 171; S.E.C. v. McNulty, 137 F.3d 732, 738 (2d Cir. 1998). A court may also consider whether the default was made in good faith and whether the

default would bring about a harsh or unfair result. Enron, 10 F.3d at 96. Because defaults are viewed with disfavor, any doubts should be resolved in favor of the party seeking relief from the default. See, e.g., id. at 95-96; Davis, 713 F.2d at 915.

A finding of willfulness requires a showing that the defaulting party engaged in deliberate or egregious conduct. Am. Alliance, 92 F.2d at 61. In finding that the default was willful, the court must be persuaded that the defendant made a strategic decision and deliberately chose not to appear. See Pecarsky, 249 F.3d at 173. Mere negligence or carelessness is insufficient for a finding of willfulness. See, e.g., Am. Alliance, 92 F.2d at 60 (finding default resulting from misfiling of complaint for two months was not willful, but grossly negligent); Brien v. Kullman Indus., Inc., 71 F.3d 1073, 1078 (2d Cir. 1995) (finding defendant's failure to file answer was not willful, because he "incorrectly assumed that the answer was to be filed after the petition for removal was granted").

Defendant Obiakor argues that the default was not deliberate since he was not personally served with the summons and complaint and was in Nigeria at the time of service. However, Mr. Obiakor does not claim that he did not receive notice of the lawsuit within the time to answer and, in fact, defendants' answers were filed while Mr. Obiakor was still out of the country five days after plaintiff filed her request for entry of default judgment

on June 11, 2012 (ct. doc. 7). It is unclear when Mr. Obiakor received notice of the lawsuit and whether he was aware of the lawsuit prior to the expiration of the defendants' time to answer. Nevertheless, defendants' quick response to plaintiff's request for entry of default demonstrates some diligence and an interest in defending. See Hanover Ins. Co. v. Hopwood, 2011 WL 3296081, at *2 (S.D.N.Y. 2011) (filing motion to vacate several days after entry of default judgment weighed against finding of willfulness). I find no evidence that defendants proceeded in bad faith or engaged in deliberate conduct that the Second Circuit requires for a finding of willfulness. See, e.g., Am. Alliance, 92 F.3d at 60-61; Action S.A. v. Marc Rich & Co., 951 F.2d 504, 507 (2d Cir. 1991) (default judgment ordered when defendant admitted he deliberately chose not to appear when faced with criminal charges). Resolving all doubts in favor of defendants, in light of the Second Circuit's preference for resolving disputes on the merits, I find that defendants' conduct does not warrant the "extreme sanction" of a default. See McNulty, 137 F.3d at 738 (defendant attorney's failure to answer complaint after plaintiff had repeatedly warned defendant attorney it would seek entry of default was found to be willful); Davis, 713 F.2d at 916.

Even when a defendant's conduct may be considered willful, a default may be vacated if defendant presents valid defenses and plaintiff would not be prejudiced. Plaintiff has not argued that

vacating the default will prejudice her other than to cause some delay.  Delay alone is insufficient to establish prejudice.  E.g., Enron, 10 F.3d at 98.  Rather, "it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunities for fraud and collusion."  Davis, 713 F.2d at 916 (internal quotations and citations omitted).  The delay here was relatively short since defendants filed answers one month late.  Other than her complaint of delay, plaintiff does not describe any additional prejudice regarding issues of evidence, discovery or fraud.

Finally, I find that defendants have proffered potentially meritorious defenses.  A defendant does not need to establish its defense conclusively, but it must present facts that "if proven at trial would constitute a complete defense."  McNulty, 137 F.3d at 740; Enron, 10 F.3d at 98.  The evidence submitted "is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense."  Enron, 10 F.3d at 98.

Defendants argue that the Court lacks jurisdiction because service was not properly effected upon them.  Failure to properly serve a defendant deprives the court of personal jurisdiction over that defendant. Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987) ("Before a court may exercise personal jurisdiction over a defendant, the procedural

requirement of service of summons must be satisfied."); Dyneqy Midstream Servs. v. Trammochem, 451 F.3d 89, 94 (2d Cir. 2006); Kliernan v. Hermes Int'l, 2009 WL 27073473, at *2 (E.D.N.Y. 2009).

Rule 4(e)(1) of the Federal Rules of Civil Procedure provides that service upon an individual within a judicial district of the United States can be effected pursuant to the laws of the forum state in which the individual is to be served. See Fed. R. Civ. P. 4(e)(1). New York law permits service upon an individual by "delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode" of the individual and then mailing a copy of the summons to either the last known residence or actual place of business. N.Y. C.P.L.R. § 308(2). "New York case law requires that a defendant's actual place of business be a place where he is physically present and conducts business with some regularity." Nat'l Union Fire Ins. Co. of Pittsburgh, PA. v. Forman 635 Joint Venture, 1996 WL 272074, at *2 (S.D.N.Y. 1996); see Bridgehampton Nat. Bank v. Watermill Heights Assocs., 596 N.Y.S.2d 321, 324 (Sup. Ct., Suffolk Co. 1993).

Dr. Obiakor specifically alleges that he was not in the United States on April 25, 2012 when service was made, having left New York after April 5, 2012 and returning on July 18, 2012. Obiakor Aff. at ¶¶ 12, 17. He further states that has "spent

almost all of [his] time in [his] home country of Nigeria" working with others to raise funds for and construct a hospital in Abuja, Nigeria.  Id. at ¶¶ 13, 16.  He acknowledges that he does come to New York City "on certain occasions when needed," but he is "not employed in any capacity here."  Id. ¶¶ 13, 14.

Plaintiff challenges Dr. Obiokor's statements by attaching a page from AFAM's website showing that Dr. Obiakor is not only the first doctor mentioned in a list of physicians for the medical group, but is also identified as the "Chairman/CEO."  See Affirmation of Michael Korinsky, Exh. D (ct. doc. 23 at 37, 39). The website also lists locations in Brooklyn at 5205 Church Avenue and 145 E. 18th Street.  Id. at 40.  While such evidence casts doubt on Dr. Obiakor's statement that he does not work in New York City, it only clearly shows that he has an interest in AFAM.  Proof that "a defendant has an interest in an entity conducting business from a particular place" without proof that he regularly transacts business there, too, will not suffice to establish that service was made on a defendant's "actual place of business for purposes of section 308(2)."  Nat'l Union Fire, 1996 WL 272074, at *2; see Bridgehampton, 596 N.Y.S.2d at 324; Anon Realty Assocs., L.P. v. Simmons Stanley Ltd., 583 N.Y.S.2d 778 (Sup. Ct., N.Y. Co. 1992).  Based on Dr. Obiakor's claims, he may not have been served at his "actual place of business."

As for the entity defendants, Rule 4(h) permits service on a corporation, partnership or association by delivering a copy of

the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. Service on a corporate defendant is considered sufficient when it "is made in a manner which, objectively viewed, is calculated to give the corporation fair notice." Thomas v. Dunkin Donuts, Inc., 2008 WL 842431, at *2 (E.D.N.Y. 2008) (citing Fashion Page, Ltd. v. Zurich Ins. Co., 50 N.Y.2d 265, 272 (1980)). A corporation is presumed to have fair notice when "the process server has gone to the corporation's offices, made proper inquiry of the defendant's own employees, and delivered the summons according to their directions." Id. (citing Fashion Page, 50 N.Y.2d at 273). In contrast, "[a] mere desk clerk who refuses to give his name to a process server does not, without more, covey apparent authority to accept service for the corporate entity for which he works." DeMott v. Bacilious, 2012 WL 501074, at *8 (S.D.N.Y. 2012); see also Pope v. Rice, 2005 WL 613085 (S.D.N.Y. 2005) (service made upon a receptionist of a corporation insufficient to meet the requirements of N.Y. C.P.L.R. § 311(a)(1) for service on a corporation).

Plaintiff has not offered any information as to the basis for her allegation that "Jane Doe" is a general agent of the entities. In fact, Dr. Obiakor denies that anyone in the United States is authorized to accept service on behalf of the entity defendants. There is no evidence that "Jane Doe" is "a representative so integrated with the organization that [s]he

would know what to do with the papers."  Local 78, Asbestos, Lead & Hazardous Waste Laborers, AFL-CIO v. Termon Constr., Inc., 2003 WL 2205872, at *4 (S.D.N.Y. 2003) (granting vacatur of default); see Garden City Boxing Club, Inc. v. Arli Rest. & Buffett, 2004 WL 1151571 (S.D.N.Y. 2004) (denying application for default where no evidence that person served was officer, managing or general agent).  Thus, the entity defendants may also have a viable defense of ineffective service.

In addition to defendants' jurisdictional defenses, defendants argue that the employment agreement at issue contains a mandatory arbitration clause.  See Obiakor Aff. at ¶ 23.  The Federal Arbitration Act (the "FAA") requires the court to stay a federal action and order the parties to arbitration regarding any claims that the parties have agreed to arbitrate.  9 U.S.C. §§ 3, 4; see Dean Witter Reyonolds, Inc. v. Byrd, 470 U.S. 213, 218 (1985).  If plaintiff's claims fall within the scope of an arbitration clause, defendants may have a complete defense to claims brought in this Court.  Last, Dr. Obiakor states in his affidavit that he did not personally enter into any agreement with plaintiff and cannot be held individually liable for its breach.  Obiakor Aff. at ¶ 22.

## CONCLUSION

For the foregoing reasons, I respectfully recommend that plaintiff's motion for a default judgment be denied and defendants' request to vacate entry of default be granted and

their time to answer or otherwise respond to the complaint be extended nunc pro tunc.

This report and recommendation will be filed and a copy sent electronically to the parties on this date. Any objections must be filed with the Clerk of the Court, with a copy to Judge Gleeson, on or before October 11, 2012. Failure to file timely objections may waive the right to appeal the District Court's Order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

**SO ORDERED.**

Dated:   Brooklyn, New York
         September 24, 2012

                                    /s/
                                    MARILYN D. GO
                                    UNITED STATES MAGISTRATE JUDGE