UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -X

EMA KULWA,

                Plaintiff,

                                      ORDER

       - against -

                                      2012-cv-1868 (JG)(MDG)

OBIAKOR OB/GYN P.C., et al.,

                Defendants.

- - - - - - - - - - - - - - - - - - -X

This order concerns subpoenas served on:

 SHAZIA AMAR and ZEWGE SHIFERAW-DERIBE.

- - - - - - - - - - - - - - - - - - -X

    Joseph P. Garland, counsel for plaintiffs, has moved by letter application dated August 20, 2015 to compel,[1] inter alia, SHAZIA AMAR and ZEWGE SHIFERAW-DERIBE (the "deponents") to comply with subpoenas requiring them to produce documents and testify at depositions.[2] See ct. doc. 50. As set forth in Mr. Garland's letter, the deponents failed to appear on the dates set forth in the subpoenas served upon them. In addition, Mr. Garland's

---

   [1] Although filed as a "Motion for Contempt," the relief sought in plaintiff's application is "a conference . . . to consider contempt proceedings against these non-parties." Ct. doc. 50 at 2. The Court will amend the docket entry to reflect that plaintiff's application is a "Motion to Compel."

   [2] As discussed at a hearing held on October 8, 2015, plaintiff is not seeking to enforce the subpoenas served on Kelvin Jack, Ioanis Atoynatan or Ankuware Ketosugbo at this time.

subsequent attempts to contact and arrange for the depositions of the deponents have been unsuccessful.

As the deponents were previously warned by this Court in a minute entry dated September 16, 2015, Rule 45 of the Federal Rules of Civil Procedure provides that an attorney, as an officer of the court, may issue a subpoena on behalf of a court in which the attorney is authorized to practice, or for a court in a district in which a document production is compelled by the subpoena. Fed. R. Civ. P. 45(a)(3). Valid attorney-issued subpoenas under Rule 45(a)(3) operate as enforceable mandates of the court on whose behalf they are served. See, e.g., Advisory Committee Notes, 1991 Amendment to Fed. R. Civ. P. 45; Board of Governors of Federal Reserve System v. Pharaon, 140 F.R.D. 634, 641-42 (S.D.N.Y. 1991).

Absent an improperly issued subpoena or an "adequate excuse" by the non-party, failure to comply with a subpoena made under Rule 45 may be deemed a contempt of the court from which the subpoena issued. Fed. R. Civ. P. 45(e); see Daval Steel Products v. M/V Fakredine, 951 F.2d 1357, 1364 (2d Cir. 1991). Indeed, the judicial power to hold a non-party who has failed to obey a valid subpoena in contempt is the primary mechanism by which a court can enforce a subpoena. See David D. Siegel, Fed. R. Civ. P. 45, Practice Commentaries, C45-26.

By order dated August 4, 2015, this Court directed plaintiff to re-serve the deponents with the text of Rule 45(c) and (d) of

the Federal Rules of Civil Procedure, as required by Rule 45(a), and witness fees and mileage, as required by Rule 45(b)(1). See electronic order dated 8/4/15. The Court further ordered the deponents to immediately contact plaintiff's counsel to arrange for mutually convenient dates to produce documents and appear for depositions. See id. The deponents failed to do so. Following a hearing held on September 16, 2015, the Court ordered the deponents to appear at a hearing on October 8, 2015 if they did not contact Mr. Garland to schedule their depositions by October 7, 2015. See minute entry dated 9/16/15. The deponents failed to contact Mr. Garland or appear for the October 8 hearing.

In reliance on the representations in Mr. Garland's letter that he complied with the Court's directive and review of the subpoenas previously provided (ct. doc. 49), the Court finds that the subpoenas in question are valid and properly served upon the deponents.

## CONCLUSION

The deponents, SHAZIA AMAR and ZEWGE SHIFERAW-DERIBE, are hereby ORDERED to comply with the subpoenas. They must immediately contact Mr. Garland to arrange for a mutually convenient date to appear to produce documents requested by the subpoena and to give testimony. The deponents must call Mr. Garland no later than October 29, 2015 and appear for depositions to be held on or before November 30, 2015.

**The deponents are warned that if they fail to comply with this order, they could be subject to contempt proceedings for failure to respond to the subpoenas and this order.  If they are found to be in contempt of the subpoenas or this order, this Court may recommend that they be subject to sanctions of $50 per day of their non-compliance.  If the failure to comply continues, the court could issue a warrant of arrest for failure to comply with a court order.**

**Plaintiff is directed to serve a copy of this order by overnight mail upon the deponents.**

**SO ORDERED.**

Dated:    Brooklyn, New York
          October 9, 2015

　　　　　　　　　　　　　　　　　　_____/s/_____
　　　　　　　　　　　　　　　　　　MARILYN D. GO
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE